UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

TAMMIE SERTIC,

        Plaintiff,                Case No.
                                   Hon.

vs.

MICHIGAN BELL TELEPHONE
COMPANY d/b/a AT&T, a Michigan
corporation,

        Defendant.
_____/
Gerald D. Wahl (P26511)
Attorney for Plaintiff
STERLING ATTORNEYS AT LAW, P.C.
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
gwahl@sterlingattorneys.com
_____/

# COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff Tammie Sertic, by her attorneys Sterling Attorneys at Law, P.C., in order to complain against Defendant Michigan Bell Telephone Company d/b/a AT&T, for the following reasons:

## COMMON ALLEGATIONS

1.    Plaintiff is a resident of Sombra Ontario, Canada, and is protected from employment discrimination under the statutes cited herein.

2.    Defendant, Michigan Bell Telephone Company d/b/a AT&T, is a corporation organized and existing under the law of the State of Michigan with is principal place of business in Michigan, and is an employer within the meaning of the statutes cited herein.

3.      Jurisdiction is vested in this Court pursuant to the ADAAA, Plaintiff having filed a complaint of disability discrimination within 300 days of the alleged discriminatory act, and this suit being filed within 90 days of the issuance of a Right to Sue.

4.      Plaintiff began her employment with Defendant as a part-time Consumer Product Specialist on or about September 10, 2001, working in Defendant's Port Huron office where she remained throughout her employment.

5.      In approximately August 27, 2007, Plaintiff was made a full time Consumer Product Specialist.

6.      Suffering a disabling injury in June 10, 2008, Plaintiff was off work for approximately three months, returning October 1, 2008 under restrictions compelling her to work no more than four hours a day, five days a week.

7.      Plaintiff was disabled within the meaning of the statutes cited herein beginning in June 2008.

8.      Defendant failed to accommodate Plaintiff's work restrictions by disciplining her and terminating her employment on or about November 15, 2010, after a series of disciplines, including insubordination, for failure to work the hours Defendant apparently felt Plaintiff should be working.

9.      From September 2008 until her termination, but for the disciplines, her doctors' requests for accommodation for Plaintiff were honored.

10.     There was no undue hardship for Defendant to comply with the requested accommodations.

11.     The Equal Employment Opportunity Commission (EEOC) found probable cause the Defendant discriminated against Plaintiff on the basis of her disability by failing to provide her with a reasonable accommodation.

## COUNT I – ADAAA

12.     Plaintiff incorporates herein by reference paragraphs 1-11 of the Common Allegations as though fully restated herein.

13.     Defendant's discipline and termination of Plaintiff were undertaken with full awareness of Plaintiff's federally protected rights as a disabled individual.

14.     Defendant's actions were willful.

15.     As a proximate result Defendant's illegal actions as aforestated, Plaintiff has suffered economic loss, both present and future, and sustained an injury.

WHEREFORE, Plaintiff prays for judgment against Defendant that is both fair and equitable, reinstatement, consequential and emotional distress damages, punitive damages in excess of $300,000, plus interest thereon, costs, and attorneys' fees.

## COUNT II – PERSONS WITH DISABILITIES CIVIL RIGHTS ACT (PWCRA)

16.     Plaintiff incorporates herein by reference paragraphs 1-11 of the Common Allegations and paragraphs 12-15 of Count I as though fully restated herein.

17.     Defendant's discipline and termination of Plaintiff were undertaken with full awareness of Plaintiff's rights as a disabled individual.

18.     Defendant's actions were willful.

19.     As a proximate result Defendant's illegal actions as aforestated, Plaintiff has suffered economic loss, both present and future, and sustained an injury.

WHEREFORE, Plaintiff prays for judgment against Defendant that is both fair and equitable, reinstatement, consequential and emotional distress damages, plus interest thereon, costs, and attorneys' fees.

## JURY DEMAND

Plaintiff Tammie Sertic, by her attorneys Sterling Attorneys at Law, P.C., requests a trial by jury.

Respectfully submitted,

STERLING ATTORNEYS AT LAW, P.C.

By:    /s/Gerald D. Wahl
      Gerald D. Wahl (P26511)
      Attorneys for Plaintiff
      33 Bloomfield Hills Pkwy., Ste. 250
      Bloomfield Hills, MI 48304
      (248) 644-1500

Dated:  June 7, 2013