# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TAMMIE SERTIC,

      Plaintiff,

v.

MICHIGAN BELL TELEPHONE
COMPANY d/b/a AT&T MICHIGAN,
a Michigan corporation,

      Defendant.

_____/

Case No. 13-cv-12487
Hon. Marianne O. Battani
Magistrate Mona K. Majzoub

| | |
|---|---|
| GERALD D. WAHL (P26511)<br>STERLING ATTORNEYS<br>AT LAW, P.C.<br>Attorney for Plaintiff<br>33 Bloomfield Hills Parkway, Suite 250<br>Bloomfield Hills, MI 48304<br>(248) 644-1500<br>gwahl@sterlingattorneys.com | RICHARD M. TUYN (P29091)<br>ALLYSON A. MILLER (P71095)<br>OGLETREE, DEAKINS, NASH,<br>SMOAK & STEWART, PLLC<br>Attorneys for Defendant<br>34977 Woodward Avenue, Suite 300<br>Birmingham, MI 48009<br>(248) 593-6400<br>richard.tuyn@ogletreedeakins.com<br>allyson.miller@ogletreedeakins.com |

## STIPULATED ORDER RESOLVING PLAINTIFF'S
## MOTION TO COMPEL DISCOVERY

In an effort to resolve all remaining disputes among the parties related to

Plaintiff's Request No. 16 (First Set), Interrogatory No. 10 (First Set) and

Interrogatory No. 3 (Second Set), Defendant agrees to provide Plaintiff with the

following information for the Service Representatives and/or Consumer Product

Specialists at the Port Huron CRC identified in Exhibit A to Interrogatory No. 10

on or before February 14, 2014:

1) The reason(s) why the employee had a less than 40-hour a week tour prior to May 3, 2010;

2) Whether and, if so, when the employee moved to a full-time, 40-hour a week tour in 2010;

3) Changes to the employment status[1] of the employee since May 3, 2010 and the dates of any such changes in status; and

4) Whether the employee filed a complaint and/or grievance related to the required move to a full-time, 40-hour a week tour.

Defendant further agrees to search for and provide Plaintiff with available copies of the discipline documentation that were received from 2010 through 2012 by the Service Representatives and/or Consumer Product Specialists at the Port Huron CRC identified in Exhibit A as reflected in the excerpts from individual employee Agent Logs already produced by Defendant. Defendant will use its best efforts to produce such available documentation to Plaintiff as soon as practicable.

Based on Defendant's above agreement, Plaintiff agrees to withdraw her pending Motion to Compel Discovery with the understanding that her withdrawal is without prejudice to her ability to reassert her challenges to the sufficiency of Defendant's responses to Request Nos. 2, 14, 15, and 17-19 after depositions have been taken related to the subject matter of these requests.

The parties having stipulated to the matters stated herein, and the Court

---

[1] "Employment status" shall include job title; full or part time status; employed and/or no longer employed and the reason(s) why, if known.

otherwise being fully advised in the premises:

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Discovery is dismissed.

Dated: February 5, 2014   s/ Mona K. Majzoub
          U. S. Magistrate Judge Mona K. Majzoub

Stipulated as to form and content:

By: /s/Gerald D. Wahl     By: /s/Allyson A. Miller
GERALD D. WAHL (P26511)   RICHARD M. TUYN (P29091)
STERLING ATTORNEYS AT LAW, P.C. ALLYSON A. MILLER (P71095)
Attorney for Plaintiff      OGLETREE, DEAKINS, NASH, SMOAK
33 Bloomfield Hills Parkway, Suite 250  & STEWART, PLLC
Bloomfield Hills, MI  48304    Attorneys for Defendant
(248) 644-1500       34977 Woodward Avenue, Suite 300
gwahl@sterlingattorneys.com    Birmingham, MI  48009
             248.593.6400
             richard.tuyn@ogletreedeakins.com
             allyson.miller@ogletreedeakins.com